**UNITED STATES of America,**
**Appellant,**

v.

**Clifford R. JACOBSON, Defendant–**
**Appellee.**

**No. 02–1151.**

United States Court of Appeals,
Second Circuit.

Jan. 23, 2003.

Deborah N. Sorbini, Assistant United States Attorney for the Western District of New York, Buffalo, NY, for Appellant.

David Rothenberg, Geiger & Rothenberg, Rochester, NY, for Appellee.

PRESENT: F.I. PARKER, STRAUB, and SACK, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Appellant the United States appeals the district court's January 29, 2002 judgment sentencing the defendant-appellee Clifford R. Jacobson to five years of probation, with the first six months spent in home detention.[1] When calculating the sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), the district court granted a seven level downward departure (reducing the total offense level from seventeen to ten). The government challenges both the grounds for and the extent of this departure.

First, the government challenges the district court's conclusion that the factual requirements for a diminished capacity departure under U.S.S.G. § 5K2.13 were satisfied. "To establish diminished capacity ... a defendant [must establish] by a preponderance of the evidence that he suffers from 'reduced mental capacity' and that a 'causal link [exists] between that reduced capacity and the commission of the charged offense.'" *United States v. Ventrilla,* 233 F.3d 166, 169 (2d Cir.2000) (per curiam) (citations omitted). We review the district court's factual findings for clear error. *United States v. Guzman,* 282 F.3d 177, 182 (2d Cir.2002). There was no clear error in the district court's findings, based primarily on the report of Dr. Samuel Kent, as to both the existence of Jacobson's significantly reduced mental capacity and the causal connection between that reduced mental capacity and his criminal conduct.

Next, the government argues that the district court erred by considering Jacobson's "acceptance of responsibility to pay restitution," and the effect of his incarceration on innocent third parties when determining the extent of the downward departure, citing *United States v. Rioux,* 97 F.3d 648 (2d Cir.1996). In *Rioux,* we held that "[i]n extraordinary cases ... the district court may downwardly depart when a number of factors that, when considered individually, would not permit a downward departure, combine to create a situation that 'differs significantly from the "heart-

---

1. Jacobson was also ordered to pay restitution of $786,585.72 and a fine of $50,000, perform 250 hours per year of community service, and to enter into mental health treatment.

land" cases covered by the guidelines.'" *Id.* at 663 (quoting U.S.S.G. 5K2.0 cmt.). We find no error in the district court's reliance on these factors.

Finally, the government asserts that a seven-level departure was excessive. "[W]e review [a] departure for reasonableness, giving considerable deference to the district court." *Guzman,* 282 F.3d at 182. Given the nature of Jacobson's diminished mental capacity, and the other factors considered by the district court, the district court's decision was reasonable.

For these reasons, the judgment of the district court is AFFIRMED.